## COLLINS v. GLEASON.

(Circuit Court, S. D. New York. June 28, 1895.)

1. PATENTS—NOVELTY.

The discovery that sheets of celluloid, which, by reason of their frangibility, were not adapted for use as card cases and book covers, could be sewed between leather bindings, and held by their stitches so as to be used for these purposes, *held* to be sufficiently novel to support a patent.

2. SAME—CELLULOID BINDINGS.

The Collins patent, No. 405,874, for celluloid bindings of leather for card cases and book covers, *held* valid and infringed.

This was a bill in equity by Kate J. Collins against Thomas Jay Gleason for infringement of a patent for bindings of leather for celluloid card cases and book covers.

Edwin H. Brown and James C. Chapin, for plaintiff.
L. J. Morrison, for defendant.

WHEELER, District Judge.   This suit is brought upon patent
No. 405,874, dated June 25, 1889, and granted to the plaintiff, for
celluloid bindings of leather for card cases and book covers.   The
defenses set up in the answer are, in substance, that the specifica-
tion is insufficient; that, to deceive the public, it was made to con-
tain too much,—with denials that the invention was of any utility;
that it was, "in any respect, novel"; and of infringement.   The de-
fenses set up wholly fail, and the denials, except as to novelty, are
overcome; and as no prior knowledge and use by any person is set
up, with place, as required by the statute, or at all, the question of
novelty rests upon this general denial, to be determined, as to pat-
entability, upon common knowledge.   Celluloid sheets apparently
were not, and, from their frangibility, could not well be, used for
these purposes without such bindings; for they could not be held
by stitches, nor otherwise held in place.   The plaintiff discovered
that they could be sewed between leather bindings, and be held by
the stitches.   For this discovery, and the combination of these parts
in this way into these new articles of manufacture, she was awarded
this patent.   Binding the edges of material with other material to
hold or strengthen it was not at all new, and a patent for this only
would wholly fail.   But here was peculiar material, not used before
by being sewed, nor practically sewable alone, made sewable and
brought into use by this invention.   This does not appear to be a
merely mechanical double use, but a new use brought about by con-
trivance, experiment, and adaptation.   Such bringing to a new use
seems to be patentable.   Potts v. Creager, 155 U. S. 597, 15 Sup. Ct.
194.   Decree for plaintiff.